UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIO MAYEN, individually on his own behalf and on behalf of all others similarly situated,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**CAL CENTRAL HARVESTING, INC., and DOES 1-100 inclusive,**<br><br>**Defendants** | **CASE NO. 1:21-CV-0145 AWI JLT**<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 10) |

This is a putative class action brought by Plaintiff Julio Mayen ("Mayen") against his former employer Cal Central Harvesting, Inc. ("CCH"). Mayen alleges seven violations of the California Labor Code, violation of Cal. Bus. & Prof. Code § 17200 for unfair competition ("the UCL"), and violation of 29 U.S.C. § 1801 et. seq. the Agricultural Worker Protection Act ("AWPA"). Currently before the Court is Defendant's Rule 12(c) motion for judgment on the pleadings. For the reasons that follow, Defendant's motion will be granted in part and denied in part.

**RULE 12(c) FRAMEWORK**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. Gregg v. Department of Public Safety, 870 F.3d 883, 887 (9th Cir. 2017). The non-moving party's allegations are

accepted as true, and all reasonable inferences are drawn in the non-moving party's favor. See Herrera v. Zumiez, Inc., 953 F.3d 1063, 1068 (9th Cir. 2020); Hines v. Youseff, 914 F.3d 1218, 1227 (9th Cir. 2019). Any allegations made by the moving party that have been denied or contradicted are assumed to be false. See MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006); Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). However, the Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint, or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013). To avoid judgment, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S 662, 678 (2009); Harris v. County of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012). Complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678; Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see Harris, 682 F.3d at 1131. "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." Iqbal, 556 U.S. at 678. Although Rule 12(c) does not mention leave to amend, courts may grant a Rule 12(c) motion with leave to amend. See Gregg, 870 F.3d at 887, 889; Harris, 682 F.3d at 1134. The court need not grant leave to amend when doing so would be futile and the deficiencies in the complaint could not be cured by amendment. See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006); see also Gregg, 870 F.3d at 887; Harris, 682 F.3d at 1131. Further, although Rule 12(c) "does not expressly authorize 'partial' judgments, neither does it bar them; it is common practice to apply Rule 12(c) to individual causes of action." Mays v. Wal-Mart Stores, Inc., 354 F.Supp.3d 1136, 1141 (C.D. Cal. 2019); Cornejo v. Ocwen Loan Serv'g LLC, 151 F.Supp.3d 1102, 1107 (E.D. Cal. 2015).

**FACTUAL BACKGROUND**

Mayen is an individual who resides in Kern County, California and is a seasonal agricultural worker within the meaning of the AWPA. Mayen was employed by CCH, who is a farm labor contractor who provides agricultural employees to various agricultural businesses and farms throughout Kern County. Mayen and the Class enter into working arrangements with CCH each agricultural season. The working arrangements include the understanding that CCH would pay Mayen and the Class either an hourly rate or a piece rate, depending on the work being performed. The arrangement required CCH to pay Mayen and others their agreed upon wages for all hours worked or pieces performed, for required rest periods, and abide by applicate California Industrial Welfare Commission ("IWC") Wage Orders. However, CCH did not pay Mayen and others for conduct at the beginning of the day that was essential to the work, such as arriving to work 10 to 30 minutes before the beginning of a shift, donning overalls and boots, sharpening knives, lining up to sign attendance sheets, exercises, and mandatory schooling/safety meetings. Nor did CCH pay for essential conduct after the scheduled shift, particularly time spent waiting for a "puncher" to count boxes after the end of the scheduled work shift. This resulted in CCH failing to maintain time records that demonstrated when employees began and ended each work period, as well as each employee's total daily hours worked. Mayen and the Class routinely worked seven days a week and more than ten hours in a workday, but were not compensated for any hours worked in excess of ten hours or paid premium wages for the seventh workdays. Because CCH did not compensate Mayen and others for overtime worked and all hours worked, the wage statements issued did not accurately reflect all wages earned and due. Also as a result of failing to compensate Mayen and the Class for overtime hours and premium wages, Mayen and the Class were not timely paid all wages due them when their employment with CCH ended. Further, when paid by a piece rate, CCH did not compensate Mayen and the Class or account for rest periods. CCH also required that Mayen and the Class purchase their own tools which were indispensable for performing the work, yet CCH never issued reimbursements for the tools. CCH also required Mayen and the Class to travel between fields in their own vehicles, sometimes as often as 3 times per day, with a 10 to 15 minute travel time. However, CCH did not record or pay

for travel time between fields or reimburse Mayen and the Class for using their own vehicles. Finally, when either the harvest season ended or an employee quit or was discharged before the season ended, CCH did not pay all wages owed at the time of termination or quitting.

From the above allegations, Mayen on behalf of himself and the Class alleges the following causes of action: (1) failure to pay overtime (hours worked in excess of 10 per day, and days worked in excess of six) in violation 8 Cal. Code Regs. § 11140(3)(A) and Labor Code § 1194; (2) failure to pay minimum wages in violation of Labor Code § 1197 and 8 Cal. Code Regs. § 11140(4)(A); (3) failure to provide an itemized wage statement in violation of Labor Code § 226(a); (4) failure to timely pay wages upon termination or resignation in violation of Labor Code §§ 201(a) and 202(a); (5) failure to provide rest breaks in violation of Labor Code § 226.7; (6) failure to pay for unprovided meal breaks in violation of Labor Code § 512; (7) failure to reimburse for expenses reasonably incurred in violation of Labor Code § 2802 and 29 U.S.C. § 1832(c); (8) violating the AWPA by failing to pay wages due, post a notice setting for rights and protections, and violating the terms of working arrangements; and (9) unfair competition under the UCL.

## DEFENDANT'S MOTION

*Defendant's Argument*

CCH argues that each cause of action should be dismissed.

As to the first cause of action, Mayen simply states that he and the class routinely worked more than 10 hours per day and on the sixth day of a workweek without being paid premium wages. The allegations are conclusory and do not adequately identify any dates in which he was not paid overtime  Under *Landers*, a plaintiff must allege facts that show that there was a specific week in which he was entitled to but denied minimum or overtime wages.

As to the second cause of action, Mayen sets forth mere conclusions that he and the class were not paid minimum wage. There are no specific allegations setting forth a factual basis for that alleged failure. Further, there are no allegations about how CCH directed, permitted, or encouraged Mayen and others to work off the clock. Additional allegations are needed that specify how particular conduct was compensable but not actually compensated.

4

As to the third cause of action, the key allegation (Paragraph 54) is a mere legal conclusion that appears to rest upon the inadequate factual allegations of the first and second causes of action. Further, because Mayen's § 226 claim is entirely duplicative of the first two claims, it should be dismissed with prejudice so as to prohibit a double recovery. There are no allegations that the wages actually paid to Mayen and the deductions made during the reporting period were inaccurate, rather, the statements are inaccurate only because Mayen alleges that all hours worked were not reported and not paid. Other courts have dismissed similar claims. Further, this claim must be dismissed with prejudice because, contrary to Rule 8, there are only conclusory statements that CCH acted knowingly and intentionally, there are no facts to support that assertion. Finally, there are no allegations of fact that show Mayen or others suffered an injury as a result any violations of § 226.

As to the fourth cause of action, CCH argues that the claims are defective because Mayen does not allege what wages were due and not paid, there is no explanation of how the conduct was willfully committed, and the allegations do not disclose when Mayen's or any other putative class member's employment ended.

As to the fifth cause of action, the allegations are vague, lack any specificity, and do not provide facts that support a violation of law.

As to the sixth cause of action, the Complaint fails to identify who prohibited Mayen and others from taking a 30 minute lunch break and contains only vague and unspecific conclusory allegations.

As to the seventh cause of action, the Complaint fails to identify any specific factual allegations. The are no allegations that identify what tools were not provided, what tools had to be purchased, or how much the tools cost. The claim is too vague and conclusory.

As to the eighth cause of action, there are no specific facts pled. Instead, the Complaint merely quotes the AWPA. Merely parroting the statute does not constitute plausible factual allegations.

As to the ninth cause of action, the UCL claim is a derivative cause of action. Because the other claims fail, so too fails the UCL.

1   Finally, CCH argues that the proposed class is ill-defined, vague, and overbroad.  The
2 proposed classes do not identify when the class worked, when work began and ended, whether
3 they were paid hourly or piece rate, and whether they were hired by other farmers.  More
4 allegations are needed to show that class treatment is appropriate.

5   *Plaintiff's Opposition*

6   As to the first cause of action, Mayen states that dismissal is inappropriate.  Paragraph 41
7 of the Complaint alleges that Mayen and others routinely worked more than 10 hours per day and
8 on the sixth day of a workweek, yet CCH did not pay premium wages.

9   As to the second cause of action, Mayen states that dismissal is inappropriate.  Paragraph
10 48 of the Complaint alleges that CCH was required to compensate its employees the mandated
11 minimum wage, but failed to do so by failing to pay for all hours worked, failing to pay premium
12 wages for more than 10 hours worked per day and more than five days worked, taking them off
13 the clock to avoid paying overtime, failing to accurately record the time worked, and "other
14 reasons to be discovered."

15   As to the third cause of action, Mayen states that dismissal is inappropriate.  Paragraph 54
16 alleges CCH intentionally failed to furnish itemized payment statements that accurately showed
17 the total number of hours worked, the applicable hourly rates in effect, and the corresponding
18 hours worked at each hourly rate.

19   As to the fourth cause of action, Mayen requests leave to amend to identify facts showing
20 that CCH failed to pay wages at termination.

21   As to the fifth cause of action, Mayen requests leave to amend to identify facts showing
22 that CCH failed to provide legally required rest periods.

23   As to the sixth cause of action, Mayen requests leave to amend to identify facts that he and
24 others were not paid for meal periods.

25   As to the seventh cause of action, Mayen requests leave to amend to identify with more
26 specificity the expenses he and others incurred but which were not reimbursed by CCH.

27   As to the eighth cause of action, Mayen states that Paragraphs 17 through 38 of the
28 Complaint are sufficient to allege plausible violations of the AWPA.

6

Finally, as to the ninth cause of action, Mayen simply states that UCL's coverage is sweeping and that a plausible claim has been pled.

*Discussion*

1. First Cause of Action – Labor Code § 1194 – Failure to Pay Overtime

   a. Legal Standard

In California, "any employee receiving less than . . . the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Lab. Code § 1194(a); Cortez v. Purolator Air Filtration Products Co., 23 Cal.4th 163, 169 n.5 (2000). Agricultural workers covered by IWC Wage Order No. 14 "shall not be employed more than ten (10) hours in any one workday or more than six (6) days in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over ten (10) hours in any workday and for the first eight (8) hours on the seventh (7th) day of work and double the employee's regular rate of pay for all hours worked over eight (8) on the seventh (7th) day of work in the workweek." 8 Cal. Code Regs. § 11140(3)(A)(1); Alcala v. Western Ag. Enterprises, 182 Cal.App.3d 546, 548 n.1 (1986).

To properly allege a § 1194 failure to pay overtime, it is not appropriate to merely recite statutory language or rely on mere conclusory statements that are nothing more than labels or the statutorily required elements. See Landers v. Quality Communs., Inc., 771 F.3d 638, 644 (9th Cir. 2015); Ritenour v. Carrington Mortg. Servs. LLC, 228 F.Supp.3d 1025, 1033 (C.D. Cal. 2017). Rather, a plaintiff must include sufficient factual allegations that plausibly indicate that the plaintiff worked more than 10 hours a day or worked more than six days in a workweek, yet did not receive overtime pay. Cf. Landers, 771 F.3d at 644-45; Ritenour, 228 F.Supp.3d at 1033. A plausible § 1194 claim can be alleged by estimating the average hours in a workday or workweek of the plaintiff during the applicable period, the average rate at which the plaintiff was paid, and the overtime wages that the plaintiff believes he is owed. See Landers, 771 F.3d at 645; Ritenour, 228 F.Supp.3d at 1033. However, plausibility is "context specific" and a variety of other factual allegations may permit a court to find that a plaintiff has plausibly alleged that he was not paid

7

owed overtime due for workday(s) or workweek(s). See Landers, 771 F.3d at 645; Hansber v. Ulta Beauty Cosmetics, LLC, 2021 U.S. Dist. LEXIS 192456, *19-*20 (E.D. Cal. Oct. 5, 2021).

    b.    Resolution

Mayen relies on Paragraph 41 of the Complaint. That paragraph alleges that Mayen and the class "routinely worked more than ten hours daily and on the sixth day of a workweek, and [CCH] did not pay [Mayen] and the Class premium wages for the overtime hours they worked." Complaint ¶ 41. This paragraph/sentence is similar to a paragraph that was found to be insufficient by the First Circuit in *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012). In *Pruell*, the First Circuit held that an allegation that the plaintiffs had "regularly worked hours over forty in a week and were not compensated for such time," was "little more than a paraphrase of the statute" and thus, was "too meager, vague, or conclusory" to constitute a plausible claim. Id. at 13. The Ninth Circuit in *Landers* endorsed the approach of *Pruell* (which was consistent with cases from the Second and Third Circuits). See Landers, 771 F.3d at 642, 644-45.

The Court detects no material difference between Paragraph 41 in this case and the insufficient *Pruell* allegations. Both pleadings paraphrase an applicable statute or regulation (except that § 11140(A)(3) actually involves working a seventh day, not a sixth as Mayen alleges) and are unsupported by any factual allegations. Mayen cites only Paragraph 41 in support of this cause of action, and the Court's own review of prior paragraphs in Complaint does not reveal any other key facts. The Court is unaware of any rates of pay, the duration of typical shifts, or any policy, practice or other factual circumstances that would make it plausible that Mayen and the Class regularly worked sufficient hours so as to be entitled to overtime pay for any workday or workweek. Because the allegations are too conclusory and vague, no plausible claim is pled, and dismissal is appropriate. See Landers, 771 F.3d at 642, 644-45; Pruell, 678 F.3d at 13.

2.    Second Cause of Action – Labor Code § 1197 – Failure to Pay Minimum Wage

    a.    Legal Standard

In California, the "minimum wage for employees fixed by the [IWC] or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage

that the minimum so fixed is unlawful." Cal. Lab. Code § 1197; Martinez v. Combs, 49 Cal.5th 35, 56 (2010). Employers are to compensate employees at the minimum wage for "all hours worked." 8 Cal. Code. Regs. § 11140(a)(4); Stoetzl v. Department of Human Resources, 7 Cal.5th 718, 725 (2019). "Hours worked" means "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." 8 Cal. Code. Regs. § 11140(a)(4); Stoetzl, 7 Cal.5th at 725; Morillion v. Royal Packing Co., 22 Cal.4t h 575, 587-88 (2000).

### b. Resolution

The parties focus on Paragraph 48 as the key allegation in the Complaint. By itself, Paragraph 48 is conclusory in that it more or less alleges that CCH did not pay for all hours worked (be they hours subject to a minimum wage or an overtime wage) and took Mayen and the Class off the clock to avoid paying them.[1] However, other paragraphs in the Complaint give examples of work performed without compensation. The Complaint explains that at the end of a shift, Mayen and the Class were under CCH's control and had to wait for a puncher to check boxes of produce. See Complaint ¶ 24.[2] The Complaint also alleges that Mayen and the Class performed "off the clock" pre-shift tasks such as organizing materials and equipment, donning work clothes, sharpening tools, arriving to work 10 to 30 minutes early, lining up for sign-in sheets, performing pre-shift exercise, and attending schooling or safety meetings. See id. at ¶ 32. Further, the Complaint alleges that Mayen and the class were required to change or travel between ranches or fields throughout their workday, but were never compensated for the 10 to 15 minute travel time between locations. See id. at ¶ 36. These are sufficient examples of pre-shift, post-shift, and mid-shift activities that arguably were performed while under CCH's control and that allegedly went uncompensated in any form. See id. at ¶¶ 24, 32, 36.

---

[1] There is also an allegation that CCH failed to accurately record the time that Mayen and the class worked. See Complaint ¶ 48. However, the conduct prohibited by § 1197 is the failure to *pay* a minimum wage, it is not a failure to maintain accurate records. Nevertheless, while not itself a violation of § 1197, an allegation that records were not accurately kept is supportive of a § 1197 claim.

[2] The Court notes that the Complaint at Paragraph 23 alleges that Mayen and the Class performed off the clock work pre-shift. However, Paragraph 23 identifies no specific activities performed/"hours worked." Therefore, Paragraph 23 is conclusory and does not support any plausible claims.

1       CCH argues that there are no allegations about how it directed, permitted, or encouraged off the clock work. However, CCH cites no authority that such allegations are necessary to state a claim under § 1197. While Mayen could provide that specificity, § 1197 is violated by the failure to pay the minimum wage. It is not violated if an employer directs or encourages "off the clock" work in a particular manner. Because the Complaint gives examples of alleged uncompensated work performed pre-shift, mid-shift, and post-shift while Mayen and the Class were under CCH's control, the Complaint plausibly alleges that Mayen and the class were not paid a minimum wage for all work performed/"hours worked."[3] Dismissal of this cause of action is inappropriate.

3.     Third Cause of Action – Labor Code § 226 – Failure to Provide Itemized Wage Statements

    a.     Legal Standard

In California, an employer must provide to every employee:

> an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . , (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer . . . , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . .

Cal. Labor Code § 226(a). An employee who has suffered injury as a result of his or her employer's "knowing and intentional" failure to comply with § 226(a) may recover the greater of all actual damages or certain statutory penalties. Cal. Labor Code § 226(e)(1).

    b.     Resolution

      CCH raises a number of arguments against Mayen's itemized wage statement claim.

      First, the argument that this claim is insufficient because "knowing and intentional" conduct is alleged in a conclusory fashion is without merit. "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); Reinhardt v.

---

[3] CCH does not argue that the activities identified in Paragraphs 24, 32, and 36 cannot be classified as "hours worked" under California law. Therefore, the Court does not determine at this time that each activity identified in these paragraphs fits the definition of "hours worked" as a matter of law.

Gemini Motor Transp., 879 F.Supp.2d 1138, 1142 (E.D. Cal. 2012).  Therefore, the Complaint adequately alleges knowing and intentional conduct.  See id.

Second, the argument that the failure of the first two causes of action leads to the failure of this claim is not well taken.  As explained above, the second cause of action states a plausible claim.  Because the second cause of action will not be dismissed, CCH's argument collapses.

Third, the Complaint indicates that the wage statements omitted information by not identifying all hours worked and without identifying the applicable rates of pay.  These items of information are required by California law to be included in an itemized wage statement.  See Lab. Code § 226(a).  The omission of this information does not merely involve "simple math."  See Hansber, 2021 U.S. Dist. LEXIS 192456 at *25; Reinhardt, 879 F.Supp.2d at 1142; see also Cal. Lab. Code § 226(e)(2)(B)(i).  Thus, an adequate injury is identified for purposes of § 226.

Fourth, arguments regarding an impermissible double recovery through a § 226 claim is a divisive area of law.  However, this Court has held that a plaintiff may bring a derivative § 226 claim.  See Hansber, 2021 U.S. Dist. LEXIS 192456 at *26 (and cases cited therein); Bates v. Leprino Foods Co., 2020 U.S. Dist. LEXIS 204511, *18-*20 (E.D. Cal. Oct. 30, 2020).  Therefore, the Complaint does not implicate an impermissible double recovery.

In sum, dismissal of the third cause of action is inappropriate.

4.     Fourth Cause of Action – Labor Code §§ 201, 202 – Failure to Pay Wages upon Termination or Resignation

     a.     Legal Standard

California law requires wages to be paid in a timely manner at an employee's separation.  "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Labor Code § 201(a); Bernstein v. Virgin Am., Inc., 3 F.4th 1127, 1143 (9th Cir. 2021).  When an employee without a written contract for a definite period quits, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Cal. Labor Code § 202(a);

Bernstein, 3 F.4th at 1143. Where an employer willfully fails to comply with §§ 201 and 202 upon an employee's separation, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Labor Code § 203(a); Bernstein, 3 F.4th at 1143.

      b.     Resolution

Mayen does not defend the substantive allegations made in support of the fourth cause of action, but instead merely requests leave to amend to include additional factual information. Contrary to the request by CCH, the Court sees no basis to dismiss the fourth cause of action with prejudice, particularly in the face of a request to amend. Because the Court cannot determine that amendment would be futile, see Deveraturda, 454 F.3d at 1046, and in the absence of a substantive opposition by Mayen, the Court will grant Mayen's request and dismiss the fourth cause of action with leave to amend.

5.     Fifth & Sixth Causes of Action-Labor Code §§ 226.7, 512-Meal & Rest Break Violations

      a.     Legal Standard

In California, an employer generally must provide an employee with a meal period of not less than thirty minutes for a work period of more than five hours in a day and a second meal period for a work period of at least ten hours. Cal. Labor Code § 512(a); 8 Cal. Code Regs. § 11070(11)(A)-(B). Likewise, California law also dictates that employees receive ten minutes of rest time for every "four hours or major fraction thereof" of work time. 8 Cal. Code Regs. § 11070(12)(A). If a legally compliant meal or rest period is not provided, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest . . . period is not provided." Cal. Labor Code § 226.7(c); see also Cal. Code Regs., tit. 8, § 11070(11)(D), 12(B). To satisfy an employer's obligation under these provisions, "employees must not only be relieved of work duties [during breaks], but also be freed from employer control over how they spend their time." Augustus v. ABM Sec. Servs., Inc., 2 Cal.5th 257, 270 (2016); see also Brinker Rest. Corp. v. Superior Ct., 53 Cal.4th 1004, 1038-39 (2012) (explaining that the "fundamental employer obligations associated with a meal break" are

1  "to relieve the employee of all duty and relinquish any employer control over the employee and
2  how he or she spends the time").

3      b.    Resolution

4      Mayen does not defend the substantive allegations made in support of the fifth or sixth
5  causes of action, but instead merely requests leave to amend to include additional factual
6  information. Contrary to the request by CCH, the Court sees no basis to dismiss the fifth and sixth
7  causes of action with prejudice, particularly in the face of a request to amend. Because the Court
8  cannot determine that amendment would be futile, see Deveraturda, 454 F.3d at 1046, and in the
9  absence of a substantive opposition by Mayen, the Court will grant Mayen's request and dismiss
10 the fifth and sixth causes of action with leave to amend.

11

12 6.    Seventh Cause of Action – Labor Code § 2802 & 29 U.S.C. § 1832 – Failure to Reimburse
13     a.    Legal Standard

14     Starting with the Labor Code provision, § 2802 states that "[a]n employer shall indemnify
15 his or her employee for all necessary expenditures or losses incurred by the employee in direct
16 consequence of the discharge of his or her duties, or of his or her obedience to the directions of the
17 employer, even though unlawful, unless the employee, at the time of obeying the directions,
18 believed them to be unlawful." Cal. Lab. Code § 2802(a). The statute also defines "necessary
19 expenditures or losses" as "reasonable costs, including, but not limited to, attorney's fees incurred
20 by the employee enforcing the rights granted by this section." Cal. Lab. Code § 2802(c).

21     b.    Resolution

22     Mayen does not defend the substantive allegations made in support of the seventh cause of
23 action, but instead merely requests leave to amend to include additional factual information.
24 Contrary to the request by CCH, the Court sees no basis to dismiss the seventh cause of action
25 with prejudice, particularly in the face of a request to amend. Because the Court cannot determine
26 that amendment would be futile, see Deveraturda, 454 F.3d at 1046, and in the absence of a
27 substantive opposition by Mayen, the Court will grant Mayen's request and dismiss the seventh
28 cause of action with leave to amend.

7. <u>Eighth Cause of Action – 29 U.S.C. §§ 1831, 1832 – AWPA Violations</u>

    a. <u>Legal Standard</u>

In § 1831 and § 1832, AWPA sets out requirements and regulations regarding the conditions of employment for seasonal agricultural workers.  See <u>Doe v. D.M. Camp & Sons</u>, 624 F.Supp.2d 1153, 1166 (E.D. Cal. 2008).

Section 1831(b) requires *inter alia* farm labor contractors to post at the place of employment in a conspicuous place a poster provided by the Secretary of Labor that sets forth rights and protections afforded by AWPA.  <u>See</u> 29 U.S.C. § 1831(b); <u>Fulford v. Alligator River Farms, LLC</u>, 858 F.Supp.2d 550, 555 (E.D. N.C. 2012).

Section 1832(a) provides *inter alia* that each farm labor contractor who "employs any seasonal agricultural worker shall pay the wages owed to such worker when due." 29 U.S.C. § 1832(a).  The term "wages" may be defined through any applicable federal, state, or local laws, and a failure to pay any applicable federal, state, or local wage constitutes a violation of § 1832(a).  <u>D.M. Camp</u>, 624 F.Supp.2d at 1168.

Section 1832(c) prohibits *inter alia* a farm labor contractor from violating without justification the terms of any "working arrangement made by the contractor . . . with any seasonal agricultural work." 29 U.S.C. § 1831(c); <u>D.M Camp</u>, 624 F.Supp.2d at 1168.  A "working arrangement" for purposes of § 1831(c) is the terms of employment actually communicated either expressly or implicitly between an employer and employee; it does not automatically encompass any and all statutes and regulations governing agricultural employment.  <u>D.M. Camp</u>, 624 F.Supp.2d at 1172.

    b. <u>Resolution</u>

With respect to Mayen's § 1831(b) claim, dismissal is appropriate.  There are no factual allegations to be found in the Complaint that in any way relate to § 1831(b)'s posting requirement.  There is merely a single sentence in Paragraph 78 that states a violation of that provision occurred.  That is an impermissible legal conclusion.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678; <u>Landers</u>, 771 F.3d at 644; <u>Chavez</u>, 683 F.3d at 1108.  Dismissal of the AWPA § 1831(b) claim is appropriate.

With respect to Mayen's § 1832(a) claim, the Court has found that the Complaint plausibly

alleges a claim under Labor Code § 1197. The allegations indicate that Mayen and the Class were not paid for hours worked under CCH's control that occurred pre-shift, mid-shift, and post-shift. Because there is a plausible violation of § 1197, there is also a plausible claim under AWPA § 1832(a). Therefore, dismissal of the § 1832(a) claim is inappropriate.

Finally, with respect to the § 1832(c) claim, the Complaint alleges that CCH offered Mayen and the Class jobs, and through words, conduct, practice, custom, and usage, it was understood between CCH and Mayen and the Class that Defendants would pay an hourly rate for certain services and a piece rate for production services, and that through *inter alia* the posting of an IWC wage order, it was communicated that CCH would follow California's wage order and laws. See Complaint ¶ 20. From this allegation, the Court finds that Mayen and the Class have plausibly alleged that the failure of CCH to pay them the applicable minimum wage (be it hourly or piece rate) violated the terms of a "working arrangement." That is, because Mayen and the Class plausibly allege a violation of § 1197, Paragraph 20 operates in such a manner that they have also alleged a violation of § 1832(c).

However, while the Court has also found that Mayen and the Class have plausibly alleged a violation of Labor Code § 226, the Court is not satisfied that Paragraph 20 would sufficiently include § 226 into the working agreement. Paragraph 20 focuses primarily on wages. If any other conduct or statutes formed a part of the "working arrangement," and if Mayen believes that there was a breach of such a provision, then additional allegations are needed that explain what the additional provisions are. how they became a part of the working agreement, and how CCH breached them. Although the Complaint appears to allege that the entirety of California wage orders and laws, which the Court takes to mean agricultural employment laws, D.M. Camp, 624 F.Supp.2d at 1172, were part of the working agreement, the only factual allegation that supports this assertion is that an unspecified IWC wage order was posted somewhere on CCH premises. It is not reasonable to infer that this entire body of law became part of the working agreement simply because a single IWC wage order, the contents of which are unknown,[4] was posted somewhere by

---

[4] Because a "wage order" was posted, it is reasonable to infer that the order dealt with wages to be paid. However, without more, that is about the limit of what the Court will infer.

15

CCH. If Mayen has a good faith belief that all California wage orders and agricultural employment law became part of the working agreement, more specific factual allegations that justify such a belief must be included in an amended complaint.

8.  Ninth Cause of Action – UCL

    a.  Legal Standard

The UCL broadly proscribes the use of any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code. § 17200; Beaver v. Tarsadia Hotels, 816 F.3d 1170, 1177 (9th Cir. 2016). "The UCL operates as a three-pronged statute: 'Each of these three adjectives [unlawful, unfair, or fraudulent] captures a 'separate and distinct theory of liability.'" Beaver, 816 F.3d at 1177 (citation omitted). The UCL's "unlawful" prong "borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL," and "virtually any law or regulation — federal or state, statutory or common law — can serve as a predicate . . . ." Candelore v. Tinder, Inc., 19 Cal.App.5th 1138, 1155 (2018). When the underlying legal claim that supports a UCL cause fails, however, "so too will the [the] derivative UCL claim." AMN Healthcare, Inc. v. Aya Healthcare Services, Inc., 28 Cal.App.5th 923, 950 (2018).

    b.  Resolution

CCH argues that the UCL claim is derivative of the other claims alleged. Mayen does nothing to dispel that theory. Therefore, the Court will read the UCL claim as alleging only "unlawful" conduct based on violations of the AWPA and the Labor Code. Because the Court has found that the second, third, and parts of the eighth causes of action are plausibly pled, the Court will not dismiss the UCL claim to the extent it is based on violations of § 1197, § 226, and AWPA § 1832(a) and (c). However, all other causes of action have been dismissed. Therefore, there is no plausible UCL claim pled beyond the claims based on violations of § 1197, § 226, and AWPA § 1832. See AMN Healthcare, 28 Cal.App.5th at 950.

9.  Class Definitions

Motions to dismiss or strike that are aimed at class related matters, including class

definitions, are generally disfavored and rarely granted.  See Hansber, 2021 U.S. Dist. LEXIS 192456 at *6; Portaluppi v. Fortifi Fin., Inc., 2021 U.S. Dist. LEXIS 142897, *21-*22 (C.D. Cal. July 30, 2021); Waterbury v. A1 Solare Power, Inc., 2016 U.S. Dist. LEXIS 7422, *10-*12 (S.C. Cal. June 7, 2016); Missaghi v. Apple, Inc., 2013 U.S. Dist. LEXIS 202198, *22-*23 (C.D. Cal. May 31, 2013); Cholakyan v. Mercedes-Benz USA, LLC, 796 F.Supp.2d 1220, 1245 (C.D. Cal. 2011); In re Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F.Supp.2d 609, 615-16 (N.D. Cal. 2007).  Instead, issues surrounding the adequacy of class definitions or other class allegations are usually resolved through the class certification process.  See Hansber, 2021 U.S. Dist. LEXIS 192456 at *6; Portaluppi, 2021 U.S. Dist. LEXIS 142897 at *21-*22; Missaghi, 2013 U.S. Dist. LEXIS 202198 at *22-*23; Cholakyan, 796 F.Supp.2d at 1245; In re Wal-Mart, 505 F.Supp.2d at 614-15.

Here, there are two classes identified:  (1) employees who were employed as seasonal agricultural workers under AWPA to pick, harvest, or field pack crops in California from February 2, 2017 to the present; and (2) employees who were employed as seasonal agricultural workers under AWPA to pick, harvest, or field pack crops in California and thereafter ended their employment with CCH from February 2, 2020 to the present.  See Complaint ¶ 10.  The Court is not satisfied that these class definitions are so vague, ambiguous, unascertainable, or insufficient that this case falls outside of the general rule.[5]  While CCH raises a number of questions regarding the class, the questions seem more like defenses against the claims alleged or plausibility challenges to the causes of action pled.  The Court has already addressed the pleading challenges made against the causes of action.  Therefore, the Court finds that CCH's challenges to the class definitions should be raised through the class certification process.[6]  Dismissal of the class

---

[5] That being said, the Complaint alleges that CCH hired Mayen and the Class on a seasonal basis.  See Complaint ¶ 19.  Additional details about the seasonal hiring could be provided, but it would seem that Mayen and the Class were hired, terminated, and rehired a number of times from February 2017 to the present based on the nature of a typical growing season.  If that is so, the second subclass would appear to be fully encompassed by the first subclass.  Further clarification regarding the second subclass will need to occur (at a minimum through the class certification process).

[6] The Court notes that additional subclasses may be needed.  For example, because the pay is not identical, subclasses that distinguish between those employed on a piece rate versus those employed on an hourly rate may be necessary.  Again, however, such concerns can be addressed in the class certification process.  The Court is not holding at this time that certain subclasses are required.

definitions is inappropriate at this time.[7]  See Hansber, 2021 U.S. Dist. LEXIS 192456 at *6; Portaluppi, 2021 U.S. Dist. LEXIS 142897 at *21-*22; Missaghi, 2013 U.S. Dist. LEXIS 202198 at *22-*23; Cholakyan, 796 F.Supp.2d at 1245; In re Wal-Mart, 505 F.Supp.2d at 614-15.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for judgment on the pleadings (Doc. No. 10) is GRANTED in part as follows:

   a. The first, fourth, fifth, sixth, and seventh causes of action are DISMISSED with leave to amend;

   b. The eighth cause of action based on a violation 29 U.S.C. § 1831(b) is DISMISSED with leave to amend;

   c. The ninth cause of action, to the extent that it is not based on violations of Labor Code § 226, Labor Code § 1197, and 29 U.S.C. § 1832, is DISMISSED with leave to amend;

2. Defendant's motion for judgment on the pleadings is otherwise DENIED;

3. Within twenty-eight (28) days of service of this order, Plaintiff may file an amended complaint that is consistent with the analysis of this order; and

4. If Plaintiff fails to timely file an amended complaint, then leave to amend will be automatically withdrawn without further notice and Defendant shall file an answer within forty-two (42) days of service of this order.

IT IS SO ORDERED.

Dated:  October 25, 2021                              /s/ signature
                                                      SENIOR DISTRICT JUDGE

---

[7] Largely at Mayen's request, the Court is dismissing claims with leave to amend.  Mayen is free to change the class definitions or other class allegations as he deems fit through an amended complaint.