1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JULIO MAYEN an individual, on his own        Case No.: 1:21-cv-00145-AWI-CDB
     behalf an on behalf of all others similarly
12   situate,                                     SCHEDULING ORDER (Fed. R. Civ. P. 16)

13               Plaintiff,                        Discovery Deadlines:
                                                        Initial Disclosures:  November 14, 2022
14        v.                                            Non-Expert:  August 8, 2023
                                                        Expert: October 20, 2023
15   CAL CENTRAL HARVESTING, INC.,                      Mid-Discovery Status Conference: May 19,
                                                        2023, at 9:00 a.m.
16               Defendant.
                                                   Non-Dispositive Motion Deadlines:
17                                                      Filing:  July 10, 2023
                                                        Hearing: On/before August 14, 2023,
18                                                      10:30a.m.

19
                                                   Dispositive Motion Deadlines:
20                                                      Filing:  December 29, 2023
                                                        Hearing: On/before March 4, 2024, 10:30a.m.
21

22                                                 Settlement conference:
                                                        On/before February 2, 2024
23

24                                                 Pre-Trial Conference:
                                                        April 19, 2024, 10:00 a.m.
25                                                      Courtroom 2, Fresno, CA

26                                                 Trial:   June 18, 2024, at 8:30 a.m.
                                                        Courtroom 2, Fresno, CA
27                                                      Trial: 30-45 days if class cert., else 7 days

28

                                    1

This is a labor related class action complaint removed by Defendant pursuant to 28 U.S.C. § 1332.  Plaintiff raises claims against Defendant for: (1) Failure to Pay Overtime. (8 C.C.R. §11140(3)(A)); (2) Failure to Pay Minimum Wage (8 C.C.R.§ 11140(4)(A)); (3) Failure to Provide Itemized Wage Statements (Cal. Labor Code §226(a)); (4) Failure to Pay Wages Upon Termination and/or Resignation (Cal. Labor Code §§ 202(a), 203(a));(5) Rest Break Violations (Cal. Labor Code. § 226.7); (6) Failure to Pay for Meal Periods Not Provided (Cal. Labor Code § 512); (7) Failure to Reimburse for Expenses Reasonably Incurred (Cal. Labor Code §2802); (8) Violation of Agricultural Worker Protection Act (Cal. Labor Code §§ 1831, 1832); (9) Unfair Competition (Business & Professions Code §§17200 *et seq*.).

A scheduling conference was convened on November 8, 2022.  Andrew Magaline appeared on behalf of Plaintiff and Michael Blankinship appeared on behalf of Defendant.

**I.**    **Information Concerning the Court's Schedule**

The Fresno Division of the Eastern District of California now has the heaviest District Court Judge caseload in the entire nation.  While the Court will use its best efforts to resolve this case and all other civil cases in a timely manner, not all of the parties' needs and expectations may be met as expeditiously as desired.  As multiple trials are set to begin upon the same date, parties may find their case trailing with little notice before the trial begins.  The Court must prioritize any criminal trial over civil trials or any other matter, even if a civil trial was filed earlier and set for trial first.  Continuances of any civil trial under these circumstances are highly disfavored absent a specific and stated finding of good cause.  Any civil trial set to begin during the time a criminal trial is proceeding will trail the completion of the criminal trial.

The parties are reminded of the availability of a United States Magistrate Judge to conduct all proceedings in this action, including trial through entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305.  The same jury pool is used by both United States Magistrate Judges and United States District Court Judges.  Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.  The parties are informed that no substantive rulings or decisions will be affected by whether a party chooses to consent.

Finally, the Fresno Division of the Eastern District of California, whenever possible, is utilizing United States Article III District Court Judges from throughout the nation as Visiting Judges.  Pursuant to the Local Rules, Appendix A, reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial.  If not already, within 10 days of the date of this order, the parties SHALL file a consent/decline form (provided by the Court at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate Judge.

**II.**     **Pleading Amendment**

Any requested pleading amendments are ordered to be filed on or before **November 21, 2022**, either through a stipulation or motion to amend.

**III.**     **Deadline for Moving for Class Certification**

If Plaintiff moves for Class Certification, it shall do so on or before **May 12, 2023**.

**IV.**     **Discovery Plan and Cut-Off Date**

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **November 14, 2022**.

The parties are ordered to complete all discovery pertaining to non-experts on or before **August 8, 2023**, and all discovery pertaining to experts on or before **October 20, 2023**.

The parties are directed to disclose all expert witnesses,[1] in writing, on or before **August 22, 2023**, and to disclose all rebuttal experts on or before **September 19, 2023**.  The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

---

[1] In the event an expert will offer opinions related to an independent medical or mental health evaluation, the examination SHALL occur sufficiently in advance of the disclosure deadline so the expert's report fully details the expert's opinions in this regard.

3

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for **May 19, 2023**, before United States Magistrate Judge Christopher D. Baker. Counsel SHALL file a joint mid-discovery status conference report by **May 2, 2023**.  Counsel also SHALL lodge the status report via e-mail to CDBorders@caed.uscourts.gov.  The joint report SHALL outline the discovery counsel have completed and that which needs to be completed as well as any impediments to completing the discovery within the deadlines set forth in this order.  Counsel for all parties SHALL discuss settlement and certify in the joint report (1) that they have met/conferred regarding settlement, and (2) whether the parties seek to convene a settlement conference.

**V.     Pre-Trial Motion Schedule**

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **July 10, 2023**,[2] and heard on or before **August 14, 2023**.  Non-dispositive motions are heard at 10:30 a.m., before Magistrate Judge Baker.

No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend.  Likewise, no written discovery motions shall be filed without the prior approval of Magistrate Judge Baker. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and Magistrate Judge Baker.  To schedule this telephonic hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov.  At least three days before the conference, counsel SHALL file informal letter briefs detailing their positions.  The briefs may not exceed 7 pages,

---

[2] Non-dispositive motions related to non-expert discovery SHALL be filed within a reasonable time of discovery of the dispute, but in no event later than 30 days after the expiration of the non-expert discovery deadline.

excluding exhibits.  Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from the Court's calendar.

All dispositive pre-trial motions shall be filed no later than **December 29, 2023**, and heard no later than **March 4, 2024**, in Courtroom 2 at 1:30 p.m. before the Honorable Anthony W. Ishii, United States District Court Judge. In scheduling such motions, counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

**VI.**   **Motions for Summary Judgment or Summary Adjudication**

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party SHALL initiate the meeting and SHALL provide a complete, proposed statement of undisputed facts **at least five days before** the conference.  The finalized joint statement of undisputed facts SHALL include all facts that the parties agree, for purposes of the motion, may be deemed true.  In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion the moving party SHALL certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.

**VII.**   **Pre-Trial Conference Date**

**April 19, 2024**, at 10:00 a.m. in Courtroom 2 before Judge Ishii.

The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2) by **April 5, 2024**. The parties are further directed to submit a digital copy of their pretrial statement in Word format, directly to Judge Ishii's chambers, by email at AWIOrders@caed.uscourts.gov.

Counsels' attention is directed to Rules 281 and 282 of the Local Rules of Practice for the

Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

**VIII.   Trial Date**

**June 18, 2024**, at 8:30 a.m. in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.

A.      This is a jury trial.

B.      Counsels' Estimate of Trial Time: 30-45 days if there is class certification, otherwise 7 days.

C.      Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**IX.   Private Mediation**

The parties shall attend any settlement conference or private mediation no later than **February 2, 2024**.

Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference/mediation with the parties and the person or persons having full authority to negotiate and settle the case on any reasonable terms[3] at the conference. Consideration of settlement is a serious matter that requires preparation prior to the settlement conference. Set forth below are the procedures the Court will employ, absent good cause, in conducting the conference.

**At least 21 days before** the settlement conference, Plaintiff SHALL submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful[4] settlement demand which includes a brief explanation of why such a settlement is appropriate. Thereafter, **no later than 14 days before** the

---

[3] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like may be represented by a person whose recommendations about settlement are relied upon by the ultimate decision makers.

[4] "Meaningful" means the offer is reasonably calculated to settle the case on terms acceptable to the offering party. "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party. If, however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing or vacating the settlement conference via stipulation.

settlement conference, Defendant SHALL respond, via fax or e-mail, with an acceptance of the offer or with a meaningful counteroffer which includes a brief explanation of why such a settlement is appropriate.  The parties SHALL continue to exchange counteroffers until it is no longer productive.

If settlement is not achieved, each party SHALL attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below.  Copies of these documents shall not be filed on the court docket.

<u>CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT</u>

**At least five court** days before the settlement conference, the parties shall submit, directly to the Magistrate Judge Baker's chambers by e-mail to CDBorders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement should not be filed with the Clerk of the Court nor served on any other party, although the parties may file a Notice of Lodging of Settlement Conference Statement.  Each statement shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A.      A brief statement of the facts of the case.

B.      A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C.      A summary of the proceedings to date.

D.      An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E.      The relief sought.

F.      The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**X.      Requests for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**XI.      Related Matters Pending**

There are no pending related matters.

**XII.   <u>Compliance with Federal Procedure</u>**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load, and sanctions may be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIII.   <u>Effect of this Order</u>**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **November 8, 2022**

UNITED STATES MAGISTRATE JUDGE